**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KENNETH GIBBS,** | **No. C-13-0860 TEH (PR)** |
|       Plaintiff, | |
|       v. | **ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND LEAVE TO FILE AMENDED COMPLAINT** |
| **CARSON, HUGES, and M. DAVIS, et al.,** | |
|       Defendants. | **(Doc. ## 18, 19)** |

On April 1, 2013, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against thirty-nine named Defendants. Doc. #9. On April 24, 2013, the Court issued an order dismissing the complaint with leave to amend and denied Plaintiff's motion to appoint counsel. Doc. #14. On May 8, 2013, Plaintiff filed an amended complaint and, on May 16, 2013, the Court issued an Order Serving Cognizable Claims. Doc. ## 15, 16. On May 21, 2013, the Clerk issued summonses as to eleven Defendants. Now before the Court are two motion filed by Plaintiff on May 24, 2013: (1) a motion for appointment of counsel; and (2) a motion for leave to file an amended petition. Doc. ## 18, 19.

In the May 16, 2013 Order serving cognizable claims, the Court found nine claims to be cognizable. It dismissed the non-cognizable claims without leave to amend and did not grant Plaintiff leave to file a second amended complaint. See Doc. #16 at 13. Therefore, Plaintiff's motion to file an amended complaint is DENIED. The Clerk shall return to Plaintiff his Second Amended Complaint without filing it.

It is possible that, at the time Plaintiff filed his motion to file an amended complaint, he was unaware that the Court had ordered service of his cognizable claims and that summonses had been issued against eleven Defendants. Therefore, the Clerk shall send to Plaintiff a copy of the docket sheet in this case.

In the Court's April 24, 2013 Order it denied Plaintiff's motion for appointment of counsel under 28 U.S.C. § 1915 for lack of exceptional circumstances. Doc. # 14 at 12 (citing Terrel v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (exceptional circumstances required for appointment of counsel are likelihood of success on the merits and ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues)). Now, Plaintiff files a second motion for appointment of counsel indicating that his claims are meritorious and his poor mental health qualifies as an exceptional circumstance.

It is too early in the case to determine whether Plaintiff's claims are meritorious and, from Plaintiff's filings, it appears that he is capable of articulating his claims. Therefore, Plaintiff's second motion for appointment of counsel is DENIED. As indicated in the April 24, 2013 Order, the Court will consider

2

appointment of counsel on its own motion, and seek volunteer counsel to agree to represent Plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

Accordingly, It IS HEREBY ORDERED THAT:

1. Plaintiff's motions for appointment of counsel and for leave to file an amended complaint are DENIED. Doc. ## 18, 19.

2. The Clerk shall return to Plaintiff the second amended complaint he filed in conjunction with his motion to file an amended complaint.

3. The Clerk shall send to Plaintiff a copy of the docket sheet in this case.

IT IS SO ORDERED.

DATED     *06/18/2013*     _____
                           **THELTON E. HENDERSON
                           United States District Judge**

G:\PRO-SE\TEH\CR.13\Gibbs 13-860-counsel am comp deny.wpd

3