1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8
KENNETH GIBBS,                        No. C 13-0860 THE (PR)
9
            Plaintiff,                ORDER DIRECTING PLAINTIFF TO
10                                    PROVIDE CURRENT ADDRESS
                                      NECESSARY TO LOCATE DEFENDANTS
11      v.                            DR. MALO-CLINES, DR. CRINKLAW,
                                      MS. TUBMAN AND LT. ANTHONY
12  CARSON, et al.,

            Defendants.
13  _____/

14

15          Plaintiff Kenneth Gibbs, a state prisoner at Pelican Bay

16  State Prison (PBSP), filed the present pro se prisoner complaint

    under 42 U.S.C. § 1983.  On May 16, 2013, the Court issued an
17
    "Order Serving Cognizable Claims," ordering service on eleven
18
    Defendants, including Defendants Ms. Tubman, Dental Assistant, Drs.
19
    Malo-Clines and Crinklaw and Lt. Anthony.  On July 17, 2013, the
20
    United States Marshal informed the Court that it could not serve
21
    these Defendants.  The process receipt and returns filed by the
22
    United States Marshal indicate that the PBSP Litigation Coordinator
23
    said that: (1) Dr. Malo-Clines is "no longer at PBSP;" (2) Dr.
24
    Crinklaw "was a contractor and is no longer at PBSP;" (3) Lt.
25
    Anthony "was retired;" and (4) there was insufficient information
26
    to identify Ms. Tubman, Dental Assistant.  See Doc. ## 22-25.
27

28

1    Although a plaintiff who is incarcerated and proceeding

2    in forma pauperis (IFP) may rely on service by the Marshal, such

3    plaintiff "may not remain silent and do nothing to effectuate such

4    service"; rather, "[a]t a minimum, a plaintiff should request

5    service upon the appropriate defendant and attempt to remedy any

6    apparent defects of which [he] has knowledge."  Rochon v. Dawson,

7    828 F.2d 1107, 1110 (5th Cir. 1987).

8    Because Plaintiff has not provided sufficient information

9    to allow the Marshal to locate and serve the above-named

10   Defendants, Plaintiff must remedy the situation or face dismissal

11   of his claims against them without prejudice.  See Walker v.

12   Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner

13   failed to show cause why prison official should not be dismissed

14   under Rule 4(m) where prisoner failed to show he had provided

15   Marshal with sufficient information to effectuate service).

16   Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served

17   within 120 days from the filing of the complaint, it may be

18   dismissed without prejudice for failure of service.  When advised

19   of a problem accomplishing service, a pro se litigant proceeding

20   IFP must "attempt to remedy any apparent defects of which [he] has

21   knowledge."  Rochon, 828 F.2d at 1110.  Accordingly, Plaintiff must

22   provide the Court with accurate and current addresses for the

23   above-mentioned Defendants such that the Marshal is able to effect

24   service.

25   In the interest of justice, the Court requests that the

26   PBSP Litigation Coordinator provide more information about the

27   employment status of Defendants Drs. Malo-Cline and Crinklaw.  The

28

2

request inquires whether Defendant Malo-Clines is currently an employee of the California Department of Corrections and Rehabilitation (CDCR).  If he is still employed with CDCR, the Court requests that the PBSP Litigation Coordinator provide the current employment address for him.  If he is no longer employed with CDCR, the Court requests that the PBSP Litigation Coordinator provide a forwarding address, or notice that such information is not available.  The Court requests the same information regarding Dr. Crinklaw.  And, although Lt. Anthony is no longer working for CDCR, the Court requests the forwarding address for him or notice that this information is not available.

CONCLUSION

In light of the foregoing, the Court orders as follows:

1.   Plaintiff must provide the Court with accurate and current addresses for Defendants Drs. Malo-Cline and Crinklaw, Lt. Anthony and Ms. Tubman such that the Marshal is able to effect service.  If Plaintiff fails to provide the Court with accurate and current addresses for these Defendants within thirty (30) days of the date this Order is filed, Plaintiff's claims against each Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2.   In the interest of justice, the Clerk of the Court shall forward a copy of this order to the Litigation Coordinator at PBSP, who is requested to provide the above-requested information for Defendants Drs. Malo-Cline and Crinklaw and Lt. Anthony, or notice that such information is not available, within thirty (30) days from the date this Order is filed.

United States District Court

For the Northern District of California

            3. If the requested information is provided to the Court,

service shall again be attempted.  If service fails a second time,

the claims against unserved Defendants shall be dismissed.

        IT IS SO ORDERED.

Dated: 08/21/2013

_____
THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California