IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH B. GIBBS,<br><br>            Plaintiff,<br><br>     v.<br><br>CARSON, et al.,<br><br>            Defendants.<br>                                                  / | No. C-13-0860 TEH (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, TO COMPEL DISCOVERY, APPOINT COUNSEL AND FOR EXTENSIONS OF TIME IN REGARD TO THESE MOTIONS AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS; AND SERVING UNSERVED DEFENDANTS<br><br>(Doc. nos. 49-52, 54, 61-65 and 67) |

Plaintiff Kenneth Gibbs, an inmate at California State Prison-Sacramento (CSP-SAC), filed this civil rights action under 42 U.S.C. § 1983 raising twenty-three claims against forty defendants who worked at Pelican Bay State Prison (PBSP), where Plaintiff was formerly incarcerated. On May 16, 2013, the Court ordered service of nine cognizable claims against twelve Defendants. Doc. #16. Defendants Correctional Officers J. Evans and D. Milton, Correctional Counselor K. Royal, Correctional Lieutenant J. Diggle, Correctional Captain T. Wood and Warden G.D. Lewis (hereinafter, "Served Defendants") were served and appeared, while the remaining Defendants were not served or were dismissed. The claims against the Served Defendants include: (1) a First Amendment retaliation claim against Lt. Diggle for issuing a Rules Violation Report (RVR) against Plaintiff on October 9, 2008; (2) a First Amendment

retaliation claim against Warden Lewis and Capt. Wood for transferring Plaintiff on January 3, 2013 to force him to withdraw an administrative appeal; (3) a First Amendment retaliation claim against Counselor Royal, Officer Milton and Capt. Wood for placing Plaintiff on C status on February 13, 2013 in retaliation for Plaintiff's filing administrative appeals; and (4) an Eighth Amendment claim against Officer Evans for using excessive force against Plaintiff on March 15, 2013.

On October 1, 2013, Served Defendants filed a motion to dismiss based on failure to exhaust administrative remedies and failure to file within the statute of limitations. Doc. #44. On October 3, 2013, Plaintiff filed a motion for a preliminary injunction and temporary restraining order (TRO). Doc. #49. On the same day, Plaintiff filed two motions to compel discovery, doc. ##50, 52, and a motion for appointment of counsel, doc. #51. On October 21, 2013, Served Defendants filed a motion for a protective order. Doc. #54. Thereafter, Plaintiff filed six motions for extensions of time to respond to Plaintiff's motions and oppositions. Doc. ## 61-65 and 67.

For the reasons stated below, the Court denies Plaintiff's motions for a preliminary injunction and TRO, to compel discovery, and to appoint counsel. With the exception of two motions for an extension of time to oppose Served Defendants' motion to dismiss, the Court denies all of Plaintiff's motions for extensions of time as moot. The Court grants Served Defendants' motion for a protective order to stay discovery and Plaintiff's two motion for an extension of time to oppose the motion to dismiss.

2

**DISCUSSION**

**I**

Plaintiff requests a TRO and preliminary injunction directing Defendants Warden G.D. Lewis and Captain Wood to do the following: (1) declare that Plaintiff is not an informant or a snitch and that Plaintiff has never provided PBSP officials with any confidential information regarding inmates; (2) prevent officers from retaliating against Plaintiff for filing lawsuits against prison officials; (3) prevent officers from harassing and humiliating Plaintiff in front of other inmates; and (4) return to Plaintiff his CD player, ten CDs, headphones, batteries, battery charger, television, typewriter, ribbons, adapter and cable that were wrongfully confiscated from him. Plaintiff also requests that the Court declare that he has never been an informant for the Los Angeles police department or for any federal or state agents. Defendants have filed an opposition to this motion and Plaintiff has filed a reply.

The standards for issuing a TRO and preliminary injunction are the same. New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The proper legal standard for preliminary injunctive relief requires a party to demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his

3

favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." Id.

In his motion, Plaintiff does not attempt to establish any of the requirements for a TRO or preliminary injunction; he requests that the Court issue an order requiring Warden Lewis to do certain things, without providing a legal basis to support the requests or to connect them to the claims in his complaint. For instance, his request for the return of property is not related to any claim in his complaint. In his reply, Plaintiff argues that his motion should be granted because his allegations meet the requirements for retaliation and he will likely suffer irreparable harm if PBSP officials continue to label him a snitch.

4

Plaintiff's arguments are insufficient to meet the requirements for injunctive relief. Although his allegations may support claims for retaliation, he does not address the exhaustion and timeliness arguments raised by Defendants in their motion to dismiss. Therefore, Plaintiff has not demonstrated that he is likely to succeed on the merits. Furthermore, Plaintiff's contention that he will suffer irreparable harm from the conduct of PBSP officials is now moot because, on September 26, 2013, Plaintiff filed a notice that he had been transferred to CSP-SAC. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (when inmate is released from prison or transferred to another prison and no reasonable expectation nor demonstrated probability is shown that he will again be subjected to prison conditions from which he seeks injunctive relief, claims for injunctive relief should be dismissed as moot); see also Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief).

Therefore, Plaintiff has not met the requirements necessary to grant the extraordinary remedy of a TRO or preliminary injunction. Accordingly, the motion for a TRO or preliminary injunction is denied.

## II

Served Defendants move for a protective order to stay discovery until the Court rules on their motion to dismiss for failure to exhaust administrative remedies and failure to file the complaint within the applicable statute of limitations. Defendants argue that it would be unduly burdensome to respond to discovery requests regarding claims that will be dismissed.

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988); <u>Panola Land Buyers Ass'n v. Shuman</u>, 762 F.2d 1550, 1560 (11th Cir. 1985). In <u>Lowery v. F.A.A.</u>, the Eastern District of California set forth a two-pronged test to determine whether a protective order should issue, staying discovery. 1994 WL 912632, *3 (E.D. Cal. 1994). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. <u>Id.</u> (citing <u>Panola</u>, 762 F.2d at 1560). Second, the court must determine whether the pending dispositive motion can be decided absent discovery. <u>See</u> <u>Lowery</u>, 1994 WL 912632 at *3; <u>see</u> <u>also</u> <u>Jarvis v. Regan</u>, 833 F.2d 149, 155 (9th Cir. 1987) (discovery on a motion to dismiss is only appropriate where there are factual issues raised by the motion).

Served Defendants satisfy both requirements. First, their motion to dismiss, if meritorious, is potentially dispositive of the case. Second, any discovery is unnecessary for resolution of the motion because the issues raised are exhaustion of administrative remedies and compliance with the statute of limitations. Accordingly, the court GRANTS Defendants' motion for a stay of discovery until disposition of their motion to dismiss. If, after the Court rules on the motion, it has not disposed of this action, the Court will lift the stay.

In light of this ruling, Plaintiff's discovery requests are denied as moot.

6

### III

Plaintiff requests appointment of counsel because his case is complex, will require significant research and investigation and he has limited knowledge of the law and limited access to the prison law library.

There is no constitutional right to counsel in a civil case. <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved. <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery, nor the fact that the <u>pro se</u> litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff has not shown that exceptional circumstances exist in this case.  Therefore, his motion is denied.

### IV

Plaintiff moves for extensions of time to file the following documents: (1) opposition to Defendants' motion to dismiss; (2) opposition to Defendants' motion for protective order;

7

(3) reply to his motion for preliminary injunction;[1] (4) reply to his motion to compel production of documents; (5) reply to his motion to compel discovery; and (6) opposition to the motion to dismiss.

With the exception of Defendants' motion to dismiss, all pending motions have been adjudicated in this Order. Therefore, the the Court denies all motions for extensions of time, with the exception of the two requests for an extension to oppose Defendants' motion to dismiss. In his second request for an extension to oppose the motion to dismiss, Plaintiff requests that he be allowed to file his opposition by January 28, 2014. This request is granted. In the interests of justice, the Court grants Plaintiff even more time; Plaintiff is granted leave to file his opposition six weeks from the date of this Order.

V

The Court notes that there are several unserved Defendants in this action. Two of the Defendants, Dental Assistant Lorrie Tupman and Lt. W. Anthony, were previously served by the Court. The PBSP Litigation Coordinator stated that he needed more information to ascertain the name of Ms. Tupman. Plaintiff was requested to submit the first name of Ms. Tupman and he identified her as Lara Tupman. The Litigation Coordinator indicated that there is a Lorrie Tupman who is a PBSP Dental Assistant. Therefore, Lorrie Tupman must be the correct person and the Litigation Coordinator is requested to accept service for her. Also, the Litigation

---

[1] Plaintiff has filed a reply to his motion for a preliminary injunction and TRO.

8

1  Coordinator indicated that, although Lt. Anthony was no longer
2  working at PBSP, he would accept service for him.  Therefore, he is
3  requested to do so.
4         As pointed out by Served Defendants, the Court neglected
5  to serve Officer Castellaw in connection with claim three for cruel
6  and unusual punishment.  Therefore, the Clerk shall issue summons
7  and the United States Marshal shall serve, without prepayment of
8  fees, copies of the amended complaint in this matter and all
9  attachments thereto, doc. no. 15, and copies of the Order of
10 Service, doc. no. 16, Served Defendants' motion to dismiss, doc. no.
11 44, and this Order on PBSP Officer Castellaw.

                                   VI

13        For the foregoing reasons, the Court hereby orders as
14 follows:
15        1. Plaintiff's motion for a preliminary injunction or TRO
16 is DENIED.  Docket no. 49
17        2. Plaintiff's motions to compel discovery, to compel
18 production of documents and for appointment of counsel are DENIED.
19 Docket nos. 50-52.
20        3. Defendants' motion for a protective order to stay
21 discovery is GRANTED.  Docket no. 54.
22        4. Plaintiff's four motions for an extension of time are
23 DENIED as moot.  Docket nos. 62-65.
24        5. Plaintiff's two motions for an extension of time to
25 file an opposition to Defendants' motion to dismiss is GRANTED.
26 Plaintiff must file his opposition within six weeks from the date of
27 this Order.  Defendants' reply is due two weeks after they are

1  served with the opposition.

2          6. The briefing schedule for the three newly served
3  Defendants, Dental Assistant Lorrie Tupman, Lt. Anthony and Officer
4  Castellaw, shall be as follows:

5              a. If they wish to join in Served Defendants' motion
6  to dismiss, they shall file a motion to this effect within three
7  weeks from the date of this Order.  If they do not wish to join in
8  that motion, their motion for summary judgment or other dispositive
9  motion is due sixty-three days from the date of this Order.

10             A motion for summary judgment shall be supported by
11 adequate factual documentation and shall conform in all respects to
12 Federal Rule of Civil Procedure 56, and shall include as exhibits
13 all records and incident reports stemming from the events at issue.
14 Defendants' motion shall include the required Ninth Circuit notice
15 to Plaintiff for opposing dispositive motions required by <u>Rand v.
16 Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998)(motion for summary
17 judgment) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir.
18 2003) (motion to dismiss).  If Defendants are of the opinion that
19 this case cannot be resolved by summary judgment or other
20 dispositive motion, they shall so inform the Court prior to the date
21 their motion is due.  All papers filed with the Court shall be
22 served promptly on Plaintiff.

23             b.   Plaintiff's opposition to the dispositive motion
24 shall be filed with the Court and served upon Defendants no later
25 than thirty-five (35) days after Defendants serve Plaintiff with the
26 motion.

27             c.   Plaintiff is advised that a motion for summary

10

judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962–63.

      Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss. Wyatt, 315 F.3d at 1120 n.14.

      d.   Defendants shall file a reply brief within

fourteen (14) days of the date on which Plaintiff serves them with the opposition.

   e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   f. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

  7. The Clerk shall send this Order to the PBSP Litigation Coordinator.

  8. This Order terminates docket numbers 49-52; 54; 61-65 and 67.

  IT IS SO ORDERED.

DATED  *01/14/2014*             
              THELTON E. HENDERSON
              United States District Judge