United States District Court
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10   KENNETH GIBBS,                          No. C-13-0860 TEH (PR)

11              Plaintiff,

12       v.                                  ORDER GRANTING PLAINTIFF'S
                                             MOTIONS FOR LEAVE TO FILE
13   CARSON, et al.,                         SECOND AMENDED COMPLAINT;
                                             GRANTING PLAINTIFF'S MOTION TO
14              Defendants.                  REINSTATE DEFENDANT ACOSTA;
                                             DENYING WITHOUT PREJUDICE
15                                           DEFENDANTS' MOTIONS TO DISMISS;
                                             SERVING UNSERVED DEFENDANTS
16   _____/       (Doc. nos. 44, 81, 83, 87, 89)

17

18

19          On February 26, 2013, Plaintiff Kenneth Gibbs, an inmate

20   at California State Prison-Sacramento (CSP-SAC), filed this civil

21   rights action under 42 U.S.C. § 1983 raising twenty-three claims

22   against forty defendants who worked at Pelican Bay State Prison

23   (PBSP), where Plaintiff was formerly incarcerated.  On April 24,

24   2013, the Court issued an Order dismissing the complaint with leave

25   to amend and, on May 8, 2013, Plaintiff filed a first amended

26   complaint (FAC).

27          On May 16, 2013, the Court ordered service of eight

28   cognizable claims against twelve defendants.  The claims found to be

1  cognizable were: (1) an Eighth Amendment claim for deliberate

2  indifference to serious medical needs against Dental Assistant

3  Tupman; (2) an Eighth Amendment claim for deliberate indifference to

4  serious medical needs against Dr. Crinklaw and Dr. Malo-Clines;

5  (3) a First Amendment retaliation claim against Lt. Diggle for

6  issuing a Rules Violation Report (RVR) against Plaintiff; (4) a

7  First Amendment retaliation claim against Warden Lewis and Capt.

8  Wood for transferring Plaintiff in order to force him to withdraw an

9  administrative appeal; (5) a First Amendment retaliation claim

10 against Counselor Royal, Officer Milton, and Capt. Wood for placing

11 Plaintiff on C status in retaliation for Plaintiff's filing

12 administrative appeals; (6) a due process claim against Lt. Anthony

13 for denying Plaintiff's right to a witness at a disciplinary

14 hearing; (7) an Eighth Amendment claim against Sgt. Acosta and

15 Officer Castellaw for cruel and unusual punishment for leaking

16 information about Plaintiff to other inmates; and (8) an Eighth

17 Amendment claim against Officer Evans for using excessive force

18 against Plaintiff.

19        On July 22, 2013, the Court received a letter from

20 Plaintiff stating that Sgt. Acosta did not use excessive force

21 against him.  The Court construed this as Plaintiff's motion to

22 voluntarily dismiss the claims against Sgt. Acosta and, on August 1,

23 2013, dismissed Sgt. Acosta from the action.

24        Plaintiff has filed two motions for leave to amend the

25 complaint as well as a motion to reinstate Defendant Sgt. Acosta.

26 Also before the Court are: a motion to dismiss filed by Defendants

27 Evans, Royal, Lewis, Milton, Diggle, and Wood; and a separate motion

28

1  to dismiss filed by Defendants Anthony, Castellaw, and Tupman.

2                                          I

3          Plaintiff seeks leave to file a second amended complaint

4  (SAC) adding Dr. Thomas J. Martinelli as a defendant on his Eighth

5  Amendment claim for deliberate indifference to serious medical

6  needs.  In his proposed SAC, Plaintiff alleges that on April 25,

7  2008, Dr. Martinelli performed a colonoscopy on Plaintiff at Sutter

8  Coast Hospital.  Plaintiff further alleges that Dr. Martinelli used

9  contaminated and unsanitary instruments during the procedure,

10  causing Plaintiff to become infected with herpes.  These claims,

11  liberally construed, state a claim of deliberate indifference

12  against Dr. Martinelli.

13          Plaintiff correctly points out he originally filed his

14  claim against Dr. Martinelli in Case. No. C. 13-02529 TEH (PR).

15  This Court found the claims duplicative of the claims asserted in

16  the instant action and dismissed Case. No. C. 13-02529.  The Court,

17  however, specifically granted Plaintiff leave to file an SAC in the

18  instant action to add Dr. Martinelli as a defendant.  (See Case. No.

19  C. 13-02529 TEH (PR) at Dkt. 6.)  Accordingly, Plaintiff's proposed

20  SAC is proper, and his pending motions for leave to file the SAC are

21  GRANTED.[1]

22          Because the SAC does not add new claims or new defendants

23

24  _____

         [1]  In its June 20, 2013 Order dismissing Case No. C. 13-02529
25  TEH (PR), the Court directed Plaintiff to file an SAC in this action
    within twenty-one days, i.e., by July 10, 2013. Plaintiff states that
26  he attempted to file his SAC in July 2013, but that it was returned
    to him.  There is no record of an SAC filed in July 2013.  The Court
27  will, however, accept as true Plaintiff's representation that he
    attempted to file a timely SAC.

28
                                         3

1  other than Dr. Martinelli, the Court will not issue a new screening

2  order.  Rather, the action will proceed on the eight claims found

3  cognizable in the Court's order of May 16, 2013 as well as the

4  Eighth Amendment deliberate indifference claim against Dr.

5  Martinelli, found cognizable herein.

6                                    II

7          Plaintiff has filed a motion to reinstate Defendant Sgt.

8  Acosta in which Plaintiff clarifies that his July 22, 2013 letter

9  was not intended as a voluntary dismissal of Defendant Acosta.

10  Plaintiff states that his letter was intended to notify the Court of

11  an error in the Court's May 6, 2013 Service Order.  Specifically, in

12  the body of the Order, the Court found that Plaintiff had stated a

13  cognizable Eighth Amendment claim against Defendant Acosta for cruel

14  and unusual punishment for leaking information about Plaintiff to

15  other inmates.  In the conclusion section of the Order, however, the

16  Court incorrectly stated that the claim against Defendant Acosta was

17  an Eighth Amendment excessive force claim.

18          Plaintiff is correct.  Accordingly, Plaintiff's motion to

19  reinstate Defendant Acosta is GRANTED.  The Court VACATES its August

20  1, 2013 Order dismissing Defendant Acosta from the action.

21  Plaintiff's Eighth Amendment claim against Defendant Acosta for

22  cruel and unusual punishment will proceed.[2]

23                                   III

24          Defendants Evans, Royal, Lewis, Milton, Diggle, and Wood

25

26          [2] The conclusion section of the Order also omitted the fact that
27  the cruel and unusual punishment claim was cognizable against
   Defendant Castellaw in addition to Defendant Acosta.

28                                    4

1 have filed a motion to dismiss Plaintiff's FAC based on failure to

2 exhaust administrative remedies and failure to file within the

3 statute of limitations.  Defendants Anthony, Castellaw, and Tupman

4 have filed a separate motion to dismiss Plaintiff's FAC based on

5 improper joinder of unrelated claims against different defendants.

6       As discussed above, the Court has granted Plaintiff leave

7 to file a second amended complaint.  Therefore, the SAC is now the

8 operative pleading herein.  Accordingly, defendants' motions to

9 dismiss are DENIED without prejudice to filing a renewed motion or

10 motions addressing the claims in the SAC.

11       In light of the Ninth Circuit's recent opinion in <u>Albino</u>

12 <u>v. Baca</u>, No. 10-55702, slip op. 1, 4 (9th Cir. Apr. 3, 2014) (en

13 banc), the parties are advised that "an unenumerated motion under

14 Rule 12(b) is not the appropriate procedural device for pretrial

15 determination of whether administrative remedies have been

16 exhausted."  If Defendants seek to renew their arguments regarding

17 Plaintiff's purported failure to exhaust administrative remedies,

18 they must do so by way of a motion for summary judgment.  <u>See</u> <u>id.</u>

19                                IV

20       For the foregoing reasons, the Court hereby orders as

21 follows:

22       1.  Plaintiff's motions for leave to file a second amended

23 complaint are GRANTED.  Docket. Nos. 83, 89.  The Clerk shall file

24 Plaintiff's SAC.  (Dkt. 89-1.)  The Clerk is further directed to add

25 Dr. Thomas J. Martinelli as a defendant on the docket in this

26 action.

27       2.  Plaintiff's motion to reinstate Defendant Sgt. Acosta

28

1  is GRANTED.  Docket No. 81.  The Court's August 1, 2013 Order

2  dismissing Defendant Acosta is VACATED.

3          3.  Defendants' motions to dismiss are DENIED without

4  prejudice.  Docket Nos.  44, 87.

5          4.  Defendant Martinelli has not been served.

6  Accordingly, the Clerk shall issue summons and the United States

7  Marshal shall serve, without prepayment of fees, a copy of the SAC

8  in this matter, a copy of the Court's May 16, 2013 Service Order,

9  and a copy of this Order on Dr. Thomas J. Martinelli at Sutter Coast

10 Hospital in Crescent City, California.

11         5.  The Court also notes that Defendants Dr. Malo-Clines

12 and Dr. Crinklaw remain unserved.  On September 6, 2013, the PBSP

13 Litigation Coordinator provided forwarding addresses for these two

14 Defendants.  (See Dkt. 41.)  Accordingly, the Clerk shall re-issue

15 summons and the United States Marshal shall serve, without

16 prepayment of fees, a copy of the SAC in this matter, a copy of the

17 Court's May 16, 2013 Service Order, and a copy of this Order upon

18 said Defendants at:

19     Dr. Malo-Clines
       PO Box 7289
20     516 Redwood Street
       Brookings, OR 97415
21
       Dr. Crinklaw
22     1485 W. Frontier Street
       Apache Junction, AZ 85220
23

24         Counsel for Defendants is directed to inform the Court no

25 later than thirty (30) days from the date of this order whether she

26 will also represent Defendants Martinelli, Malo-Clines, and

27 Crinklaw.

28
                                    6

1      6.   In order to expedite the resolution of this case, the

2 Court orders as follows:

3           a.   No later than sixty-three (63) days from the

4 date this order is filed, Defendants must file and serve a motion

5 for summary judgment or other dispositive motion.  A motion for

6 summary judgment also must be accompanied by a <u>Rand</u> notice so that

7 Plaintiff will have fair, timely, and adequate notice of what is

8 required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684

9 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v.</u>

10 <u>Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently

11 with motion for summary judgment).  If Defendants renew their

12 argument that Plaintiff failed to exhaust administrative remedies,

13 Defendants should also incorporate a modified <u>Wyatt</u> notice in light

14 of <u>Albino</u>.  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120, n.14 (9th

15 Cir. 2003); <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

16           b.   Plaintiff's opposition to the summary judgment

17 or other dispositive motion must be filed with the Court and served

18 upon Defendants no later than thirty-five (35) days from the date

19 the motion is filed.

20           c.   Defendants shall file a reply brief no later

21 than fourteen (14) days after the date the opposition is filed.  The

22 motion shall be deemed submitted as of the date the reply brief is

23 due.  No hearing will be held on the motion.

24      7.   Any motion for an extension of time must be filed no

25 later than the deadline sought to be extended and must be

26 accompanied by a showing of good cause.

27      8.   Pursuant to the Court's Orders of April 24, 2013 and

28

**7**

1  May 16, 2013, the Clerk shall terminate the following Defendants

2  from this action: Carson, Huges, M. Davis, Arcuri, Rush, P. Butter,

3  Gonzales, F. Andrade, D. Davis, D. Forkner, D. McDonald, C.

4  Rippetoe, A. Schavone, J. Whitlaw, G. Pope, J. Clemons, V. Ryan, F.

5  Flowers, C. Ducart, Turner, J. Barneburs, D. James, K. Osborne,

6  Pepiot, K, Cruse, Feimer, and Hilton.

7          9.   Finally, the Clerk is directed to correct the spelling

8  of the name of Defendant Tupman on the docket by substituting

9  "Tupman" for "Tubman."

10         This Order terminates docket numbers 44, 81, 83, 87, and

11  89.

12         IT IS SO ORDERED.

13

14

15

16  DATED    _05/13/2014_                   _____

17                                           THELTON E. HENDERSON
                                             United States District Judge

18

19

20

21

22

23

24

25

26  G:\PRO-SE\TEH\CR.13\Gibbs 13-860 MTD.wpd

27

28
                                          8