IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GIBBS,<br><br>    Plaintiff,<br><br>  v.<br><br>CARSON, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-0860 THE (PR)<br><br>ORDER DISMISSING UNSERVED DEFENDANT CRINKLAW; DIRECTING PLAINTIFF TO PROVIDE CURRENT ADDRESS NECESSARY TO LOCATE DEFENDANT MARTINELLI |

On February 26, 2013, Plaintiff Kenneth Gibbs, an inmate at California State Prison-Sacramento (CSP-SAC), filed this civil rights action under 42 U.S.C. § 1983 raising twenty-three claims against forty defendants who worked at Pelican Bay State Prison (PBSP), where Plaintiff was formerly incarcerated. On April 24, 2013, the Court issued an Order dismissing the complaint with leave to amend and, on May 8, 2013, Plaintiff filed a first amended complaint (FAC).

On May 16, 2013, the Court screened the FAC and ordered service of eight cognizable claims against twelve defendants. The claims found to be cognizable were: (1) an Eighth Amendment claim for deliberate indifference to serious medical needs against Dental Assistant Tupman; (2) an Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Crinklaw and Dr.

Malo-Clines; (3) a First Amendment retaliation claim against Lt. Diggle for issuing a Rules Violation Report (RVR) against Plaintiff; (4) a First Amendment retaliation claim against Warden Lewis and Capt. Wood for transferring Plaintiff in order to force him to withdraw an administrative appeal; (5) a First Amendment retaliation claim against Counselor Royal, Officer Milton, and Capt. Wood for placing Plaintiff on C status in retaliation for Plaintiff's filing administrative appeals; (6) a due process claim against Lt. Anthony for denying Plaintiff's right to a witness at a disciplinary hearing; (7) an Eighth Amendment claim against Sgt. Acosta and Officer Castellaw for cruel and unusual punishment for leaking information about Plaintiff to other inmates; and (8) an Eighth Amendment claim against Officer Evans for using excessive force against Plaintiff.

On August 22, 2013, the Court issued an order noting that four defendants – Tupman, Anthony, Dr. Malo-Clines, and Dr. Crinklaw – remained unserved. Accordingly, the Court ordered Plaintiff to provide the Court with their current locations such that the United States Marshal could effectuate service. In the same order, the Court requested that the PBSP Litigation Coordinator provide forwarding addresses for the unserved defendants. The Court advised Plaintiff that if it did not receive accurate current addresses for the unserved defendants, or if service failed a second time, the claims against the unserved defendants would be dismissed.

Subsequently, on September 6, 2013, the PBSP Litigation Coordinator filed a letter in this action advising the Court that

it would accept service for two of the unserved defendants. The letter also provided forwarding addresses for the remaining two unserved defendants — Drs. Malo-Clines and Crinklaw.

On February 19, 2014, Plaintiff filed a motion for leave to file a second amended complaint (SAC) adding Dr. Thomas Martinelli as a defendant on his Eighth Amendment claim for deliberate indifference to serious medical needs. On May 13, 2014, the Court granted the motion and directed the Marshal to serve Dr. Martinelli at Sutter Coast Hospital in Crescent City, California — where Plaintiff indicated he was located.

On June 6, 2014, the Marshal informed the Court that it could not serve Dr. Martinelli. The process receipt and return filed by the United States Marshal states that: "[Dr. Martinelli] does not work at any of the CC [Crescent City] locations. Persons stated they think he is somewhere in Santa Barbara." See Doc. #101.

Although a plaintiff who is incarcerated and proceeding in forma pauperis (IFP) may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Dr. Martinelli, Plaintiff must remedy the situation or face dismissal of his claims against Dr. Martinelli without prejudice. See Walker v. Sumner, 14

3

F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a <u>pro se</u> litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon</u>, 828 F.2d at 1110. Accordingly, Plaintiff must provide the Court with accurate and current address for Dr. Martinelli such that the Marshal is able to effect service.[1]

     Also in its May 13, 2014 order, the Court directed the Marshal to serve Drs. Malo-Clines and Crinklaw at the forwarding addresses provided by the PBSP Litigation Coordinator in his September 6, 2013 letter. On June 2, 2014, the summons for Dr. Crinklaw was returned as unexecuted. The Marshal advised that the address provided was not a valid address. Consequently, Dr. Crinklaw remains unserved. As it appears that any further attempts to serve this defendant would be futile, defendant Dr. Crinklaw will be dismissed without prejudice pursuant to Rule 4(m).[2]

---

[1] Because it appears that Dr. Martinelli was never employed by the CDCR, the Court will not ask the PBSP Litigation Coordinator to provide location information for him.

[2] The summons for Dr. Malo-Clines has not yet been returned as either executed or unexecuted.

4

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Defendant Dr. Crinklaw is hereby DISMISSED without prejudice pursuant to Rule 4(m). The Clerk shall terminate Dr. Crinklaw as a defendant on the Court docket.

2. Plaintiff must provide the Court with an accurate and current address for defendant Dr. Martinelli. If Plaintiff fails to provide the Court with an accurate and current address within thirty (30) days of the date this Order is filed, Plaintiff's claims against Dr. Martinelli will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3. If the requested information is provided to the Court, service shall again be attempted. If service fails a second time, the claims against Dr. Martinelli shall be dismissed without prejudice.

IT IS SO ORDERED.

Dated: 07/02/2014

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\TEH\CR.13\Gibbs 13-860 Dis Def Crinklaw.wpd